### JACKSONVILLE GAS CO. v. CITY OF JACKSONVILLE et al.

(District Court, S. D. Florida. December 1, 1922.)

1. Gas ⚖➙2—Statutes ⚖➙94(1)—Statute authorizing city commission to fix rates held valid.

Acts Fla. 1921, c. 8974, authorizing the city commission of the city of Jacksonville to fix just, reasonable, and compensatory rates for gas furnished to consumers in the city, with right of appeal to the State Railroad Commission, which may take additional testimony, which rates shall remain in force for two years, unless changed by the Railroad Commission or by a court, *held* not in violation of the federal Constitution or the Constitution of the state, which by article 3, § 21, authorizes the Legislature to pass special laws as to municipalities and municipal officers.

2. Constitutional law ⚖➙298(7)—Statute authorizing city commission to fix rates held valid.

A statute authorizing a city commission to fix gas rates is not invalid because it does not prescribe the procedure, nor the notice to be given, nor require the taking of testimony, where it provides for an appeal, on which the matter may be fully heard on all testimony offered.

In Equity. Suit by the Jacksonville Gas Company against the City of Jacksonville and others. On motion for preliminary injunction. Denied.

Julian Hartridge, of Jacksonville, Fla., for complainant.
Louis W. Strum, City Atty., of Jacksonville, Fla., for defendants.

Before BRYAN, Circuit Judge, and CALL and CLAYTON, District Judges.

CALL, District Judge. On October 26, 1922, the complainant filed its bill seeking an injunction against the defendants, restraining them from instituting any action, civil or criminal, against the complainant or its agents, for or on account of any refusal to obey the order of the commission fixing the rate of $1.65 per thousand cubic feet for gas furnished in the city of Jacksonville to consumers. The

⚖➙For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

bill challenges the power of the commissioners, acting under chapter 8974 of the Laws of Florida passed in 1921, to fix such rates, on a number of grounds. Some of these grounds are based upon the Constitution of the state of Florida, and others upon the Constitution of the United States.

[1] The city commission acted under the authority of chapter 8974 of the Laws of 1921. This act authorizes the city commission of the city of Jacksonville to fix just, reasonable, compensatory rates which may be charged for gas to consumers thereof in the city of Jacksonville, and to prescribe penalties for failure to observe any rate so fixed; that the action of the commission shall be in the form of a resolution, and shall be published for 60 days before becoming effective, and shall have the same force of an ordinance. The penalties shall be enforced in the municipal court. The act then provides for an appeal to the Railroad Commission from any orders of the city commission fixing such rates, within 60 days, by any furnisher or producer of gas, and prescribes the method of taking said appeal, and confers power on the Railroad Commission to take further and additional testimony, and increase or reduce said rates so fixed by the city commission. The act further provides that the rate fixed by the city commission shall continue in force for two years, unless the same shall be changed or modified by the Railroad Commission on appeal, or by a court of competent jurisdiction. The repealing clause repeals all laws or parts of laws in conflict.

On December 20th a notice was sent to the complainant by the secretary of the city commission that on the 22d of December the commission would hold a special meeting for the purpose of fixing gas rates, and inviting it to be present if it desired. On the 22d the complainant was present, through its attorney. Discussions were had as to whether the complainant would accept a rate of $1.65 per 1,000 feet, but no agreement reached, and on January 17, 1922, a resolution was passed by the commission fixing the rate at $1.65 per 1,000 feet, and providing a penalty of not exceeding $100 for each failure of the complainant to put such rate in force.

Section 8 of the bill alleges an investment for the purpose of producing and distributing gas to consumers in the cities of Jacksonville and South Jacksonville of $3,685,000, and in section 31 of the bill states the various bond issues of a like amount, and that said bonds were sold at market rates and the proceeds invested in the property in both cities. This section alleges gross receipts from January 1 to September 30, 1922, showing a deficit, after deducting expenses of production, of over $39,000 on interest charges on its bonds. These allegations do not make a prima facie showing of such inadequacy of prices as would result in a confiscation, or taking property without just compensation. The value of the property used in producing and distributing of gas in the city of Jacksonville is nowhere alleged.

In the view taken by the court at the hearing, the questions resolve themselves into whether the act vesting the authority in the city commission to fix rates violates either the Constitution of the state of Florida or the Constitution of the United States. We find nothing

in the allegations of bill violative of the national Constitution, which are based upon allegations of fact. Nor do we think the act violates any provision of the state Constitution.

[2] Section 21 of Article 3 of the state Constitution affirmatively recognizes the power of the Legislature to pass special laws as to municipalities and municipal officers and municipal courts. The law (chapter 8974) is admittedly a special law empowering certain municipal officers to fix rates. It is true it does not provide a procedure for arriving at a just, reasonable, and compensatory rate; but this, in our opinion, is not necessary. Nor do we think it is necessary, to make the law valid, that it should prescribe that notice should be given the producer of gas that such hearing would be had. However, in this case sufficient notice was given. Nor do we think it necessary to the validity of the act of the commission that it should take testimony in so doing. The act contemplates that the commission should fix the rate, and any producer feeling itself aggrieved at the rate might appeal to the Railroad Commission, and there an opportunity was afforded it to show that said rate was too low or too high, as the case might be, and there take testimony, and raise or reduce the rate. And this seems to us to satisfy the due process of law clause.

We think the Legislature had the power to confer upon the commission the authority to make the rates, and that there is nothing contained in the bill as to the method by which these rates were fixed, which would authorize a preliminary injunction in this case.

The application will be denied.

BRYAN, Circuit Judge, and CLAYTON, District Judge, concur.